PEOPLE *v.* HUGHES.

*(Supreme Court, General Term, Fifth Department.* June, 1892.)

1. EXTORTION—THREATS—INJURY TO BUSINESS.
   An injury to one's "business" is an injury to his property, within Pen. Code, §§ 552, 553, defining "extortion" as procuring the property of another by means of fear, induced by threats to injure his "property." *People* v. *Barondess,* (N. Y. App.) 31 N. E. Rep. 240, followed.

2. JURY—CHALLENGES—ALLOWANCE AFTER JUROR IS SWORN.
   Under Code Crim. Proc. § 371, providing that "the court may, in its discretion, for good cause set aside a juror at any time before evidence is given in the action," the court may grant leave to interpose a peremptory challenge to a juror already. accepted and sworn, if it do not prejudice defendant's rights, upon the oral statement of counsel for the prosecution that matters had come to his knowledge, after the juror was sworn, leading him to believe that he was unsatisfactory.

Appeal from court of oyer and terminer, Monroe county.

James Hughes was convicted of extortion, and appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John Van Voorhis,* for appellant. *William F. Cogswell,* for the People.

LEWIS, J. The defendant was convicted at a court of oyer and terminer held in Monroe county upon an indictment charging him with having feloniously and extorsively obtained from Levi Adler and others, doing business as manufacturers of and wholesale dealers in clothing in the city of Rochester, with their consent, the sum of $1,000, such consent being induced by the wrongful use of fear on the part of the defendant, induced by a threat made by the defendant to the said firm to do an unlawful injury to their property; that is to say, to injure and destroy the business of them, the said Levi Adler and others, doing business as aforesaid, and to prevent and hinder them from carrying on the same, contrary to the form of the statute, etc. The defendant was sentenced to imprisonment in the Monroe county penitentiary for the term of one year. The principal question litigated upon the trial and argued upon this appeal was whether the injury to the business of the said Levi Adler and others was, within the meaning of the statute,[1] an injury to their property. Since the argument of this case in this court, this precise question has been decided adversely to the defendant's contention by the court of appeals in the case of *People* v. *Barondess,* 31 N. E. Rep. 240. The commission of the crime by the defendant was so clearly proven as to leave no manner of doubt as to his guilt, and unless errors were committed upon the trial, entitling him to a new trial, the judgment must be affirmed.

A very large proportion of the defendant's very numerous exceptions were taken upon the assumption of his counsel that the organization known as the "Knights of Labor" (of which organization the defendant was, at the time of the commission of the offense charged against him, master workman) in some way had the right to interfere in the business of the firm of L. Adler Bros. & Co., and dictate as to whom they should employ in the prosecution of their business. Believing, as we do, that this claim has no foundation in justice or in law, the exceptions of the defendant having reference to that question are, we think, without merit. The only exception which merits discussion is one taken by the defendant to the ruling of the court allowing the prosecution to exercise a peremptory challenge to the juror William Rosenbauer. The practice was adopted in impaneling the jury of examining each juror as he was called, and if found competent, and he was not peremptorily

---

[1] Pen. Code, § 552, declares that "extortion is the obtaining of property from another with his consent, induced by a wrongful use of force or fear, or under color of official right."
Section 553 declares that "fear, such as will constitute extortion, may be induced by a threat to do an unlawful injury to the person or property of the individual threatened, or to any relative of his, or to any member of his family "

challenged, he was then sworn, and took his place in the jury box. Mr. Rosenbauer was called, was challenged, and examined. The challenge was overruled by the court, and he was thereupon sworn as juror No. 11 of the panel. Three other jurors were then called respectively, and challenged, and the challenges were sustained by the court. Another juror was then called. He was challenged. It was not sustained, and he was thereupon challenged peremptorily by the defendant. The exercise of this challenge exhausted all of the defendant's peremptory challenges. The people had not then used all of their peremptory challenges, and thereupon, and before any other jurors were called, Mr. Raines, counsel for the people, stated to the court that he desired to interpose a peremptory challenge to one of the jurors who had been sworn and passed into the box, stating as a reason that matters had come to his knowledge since the juror was sworn leading him to believe that the juror was not satisfactory. "Counsel for the defendant objected, upon the ground that after a juror had been sworn he cannot be challenged peremptorily, except by the permission of the court, and in the discretion of the court, and that that discretion ought not to be exercised, and cannot be exercised, unless some case is made other than the oral statement of counsel. It cannot be exercised upon the bare statement that counsel has learned something, without stating what he has learned. Counsel also objected that the request was not made until after the defendant had exhausted his peremptory challenges. The court stated that Mr. Raines might exercise his right of challenge. Mr. Raines, counsel for the people, then challenged William Rosenbauer, who had been sworn in as juror number eleven. Defendant's counsel excepted to the ruling of the court permitting the juror William Rosenbauer to be challenged peremptorily. This juror then left the panel." Several other jurors were thereafter called, and a sufficient number of jurors were obtained to complete the panel, and trial proceeded. It is not suggested that the juror who took the place of Mr. Rosenbauer was not in all respects a competent and proper person to act as a juror, and it is not claimed that the defendant's rights were injured by Mr. Rosenbauer's being excused, otherwise than that he was improperly discharged, and that it was the defendant's right to have him sit as one of the panel. It is provided by section 684 of the Code of Criminal Procedure that "neither a departure from the form or mode prescribed by this Code in respect to any pleadings or proceedings, nor an error or mistake therein, renders it invalid unless it have actually prejudiced the defendant, or tend to his prejudice in respect to a substantial right." Section 542 is as follows: "After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." Had the information reached the district attorney a few minutes earlier, and before Mr. Rosenbauer was sworn as a juror, he could have challenged him peremptorily without giving any reason for exercising the challenge. Section 371 reads: "Challenge, when taken.—A challenge must be taken when the juror appears and before he is sworn; but the court may, in its discretion, for good cause set aside a juror at any time before evidence is given in the action." Had the practice of not swearing the jurors until their number was complete been adopted, the information would have been received by the district attorney before Mr. Rosenbauer was sworn as a juror. It has been held in states where the practice is not regulated by statute, but where the rule obtains that the right to challenge is lost after the juror is accepted, but not sworn, or where he has been sworn and entered the box, that the court may, in its discretion, for good cause shown, remove a juror, or cause him to stand aside after he has been accepted. It is stated in a note to section 269, Thomp. & M. Jur., as the doctrine of authorities there referred to, that "there is no necessity or right that a prisoner shall be tried by particular jurymen until he has been given in charge to the jury." But his right to select from the whole panel cannot be arbitrarily

abridged by the court. The practice in this state is regulated by statute. The right to a peremptory challenge is, by section 371, lost when the jury is sworn, unless the party desiring to use the challenge can show cause why he should be permitted so to do. And if, in the exercise of its discretion, the court allows the challenge, it sets the juror aside. It is provided by section 372 of the Code of Criminal Procedure that, when a juror is peremptorily challenged, the court must exclude him. He is excluded by the court in both cases, but in the latter case the court has no discretion.

It appears from the record that Mr. Raines' application followed very soon after the juror Rosenbauer was sworn, and before any adjournment of the court had been had. It frequently occurs that information comes to counsel engaged in the trial of causes, after a juror is accepted, that for some reason he is disqualified to sit. Had the information been received before Rosenbauer was sworn, he would have been peremptorily challenged. The defendant's counsel did not question the power of the court to allow a peremptory challenge for cause, but insisted that the court should not exercise its discretion unless the plaintiff's counsel stated under oath the matters which had come to his knowledge leading him to think the juror should not sit. Attorneys are sworn officers of the court, charged by the law with grave duties and responsibilities in the trial of causes. Courts are accustomed to act upon their unsworn statements while engaged in the trial of actions. It very rarely occurs that they are misled by such statements; quite as rarely as they are when they act upon sworn statements. The law has provided means in both cases by which the court can punish a person who intentionally makes an untruthful statement with a view of misleading the court. Counsel for the defendant assumed by the form of his objection that it was within the discretion of the court to permit the peremptory challenge in case the people's counsel would in some manner other than by his oral statement show the facts which had come to his knowledge. He thereby conceded that the court would grant the request for cause. The request was for permission to use a peremptory challenge. The nature of the challenge contemplated that no reason need be given for its use. It might well have been very prejudicial to the people's case or to the defendant's case to have had the facts stated in the presence of the jury. As the defendant's counsel conceded that for cause the court had power to grant the request, the court decided to act upon the unsworn statement of one of its officers, and exercise its discretion, and grant the prosecuting attorney's request. The defendant's counsel having assumed that to be the rule by which the court should be guided, he should be estopped from thereafter insisting upon a contrary rule. *Lewis* v. *Railroad Co.*, 123 N. Y. 496, 26 N. E. Rep. 357. The request of the district attorney was for permission to exercise a challenge which at the time, without the consent of the court, he had no right to use. The question presented to the court was as to the propriety of allowing the request. The court concluded that it was good cause for allowing the request that the information had come to the prosecuting attorney just after the juror had been sworn, and before the panel was complete; and it not appearing that the rights of the defendant would in any way be injured thereby, the request was granted. We do not see that any substantial right of the defendant was prejudiced thereby. It was held in the case of *People* v. *Tweed*, reported in 13 Abb. Pr. (N. S.) 371, that "the court had power to allow a juror to be peremptorily challenged after he had been sworn in." Tweed was on trial for falsely auditing claims against the county of New York. After 11 jurors had been impaneled, counsel for the prosecution stated to the court that they had received information relating to one of the jurors who had been accepted and sworn which justified them in applying to the court for leave to interpose a peremptory challenge. John Graham and William Fullerton were heard in opposition on the question of power to grant leave at this stage of the proceedings. "DAVIS, J., after re-

serving the question for consideration, held that the challenge might be allowed in the sound discretion of the court; that the court could exercise such discretion without requiring the counsel publicly to disclose their reasons for interposing it, the court being itself satisfied that substantial reasons existed rendering it improper that the juror proposed to be challenged should be allowed to sit in the case; and that the challenge might be so allowed at any time before the actual commencement of the trial, the people not having exhausted their challenges." We have not been able to find that this ruling was reviewed upon appeal. While, in the case referred to, Justice DAVIS stated the court itself was satisfied that substantial reasons existed, we do not see that that distinguishes it from the case at bar, for, as in this case, no reason was stated. The facts in that case are singularly like the facts of this case. We find nothing in the defendant's exceptions calling for a reversal of the judgment. Judgment should be affirmed. All concur.